**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MARILYN VANN, RONALD MOON, DONALD MOON, CHARLENE WHITE, RALPH THREAT, FAITH RUSSELL, ANGELA SANDERS, SAMUEL E. FORD, and THE FREEDMEN BAND OF THE CHEROKEE NATION OF OKLAHOMA,<br><br>Plaintiffs,<br><br>v.<br><br>KEN SALAZAR, Secretary of the United States Department of the Interior;<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR; and<br><br>CHADWICK SMITH, Individually and in His Official Capacity,<br><br>Defendants. | Case No: 1:03-cv-01711 (HHK)<br>Judge: Henry H. Kennedy<br>Docket Type: Civil Rights (non-employment) |

**REPLY IN SUPPORT OF FREEDMEN PLAINTIFFS'**
**MOTION TO CONSOLIDATE RELATED CASES**

Plaintiffs Marilyn Vann, Ronald Moon, Donald Moon, Charlene White, Ralph Threat, Faith Russell, Angela Sanders, Samuel E. Ford, and The Freedmen Band of the Cherokee Nation of Oklahoma (the "Freedmen Plaintiffs") hereby submit the following brief reply in support of their motion to consolidate this action with *The Cherokee Nation v. Nash*, Civil Case No. 1:10-cv-1169 (HHK).

Chief Smith does not object to consolidation of these cases as a general matter but merely argues that consolidation at this stage is "premature." The Freedmen Plaintiffs do not take a position with respect to the order in which the Court should address the pending motions in this action and in the Transferred Action. However, the Freedmen Plaintiffs respectfully submit that the Court has the power to consolidate this action with the Transferred Action before it decides

the motions that Chief Smith asserts should be decided before the Court considers the instant motion to consolidate.

Nothing in Rule 42(a) or the case law suggests that consolidation of these cases at this time is impermissible or premature. Although Chief Smith refers to a "rule of jurisdictional determination before consolidation," he has misapplied that rule here.

In each of the two decisions Chief Smith cites, one of the cases to be consolidated had established federal subject matter jurisdiction, and the other had been removed from state court and could claim federal subject matter jurisdiction solely on grounds of diversity. The cases hold only that the removed case could not "bootstrap" federal subject matter jurisdiction from the related case in federal court and that the court therefore must first determine that federal subject matter jurisdiction exists regarding the removed case before the court could consider a motion to consolidate. *Appalachian Power Co. v. Region Properties, Inc.*, 364 F. Supp. 1273, 1277 (W.D. Va. 1972); *Monroe v. Gargan*, No. 2:08-CV-0018-PHX-RCB, 2008 WL 441815 *3 (D. Ariz. September 29, 2008).[1]

Here, there can be little doubt that this Court has subject matter jurisdiction over the federal questions raised in both cases. Although sovereign immunity is in one sense "jurisdictional," it is "a consideration separate from subject matter jurisdiction," which unlike sovereign immunity is an absolute limitation on the power of the court. *In re Prairie Island Dakota Sioux*, 21 F.3d 302, 304-305 (8th Cir. 1994). The mere fact that both the Cherokee Nation and the Federal Defendants have raised the defense of sovereign immunity in the Transferred Action does not in any way affect the scope of the Court's *subject matter* jurisdiction

---

[1] The broader policy applied in both *Appalachian Power* and *Gargan* – that cases consolidated under Rule 42(a) retain their own separate procedural postures – was fully acknowledged by the Freedmen in their opening brief. (Memo in Support of Motion, Doc. 68-1 at 7-8).

over that action.[2]  *Id.* at 305.  Indeed, the Cherokee Nation has asked the Court to dismiss with prejudice the Freedmen Defendants' counterclaims in the Transferred Action – which would not be possible if this Court did not have subject matter jurisdiction in the first place.

Because the cases involve common questions of law and fact and substantially similar parties, the Transferred Action and this first-filed action should, in the interests of justice, be consolidated for all purposes.

Dated:  November 15, 2010

Respectfully submitted,

/s/ Cynthia Cook Robertson
Jack McKay (D.C. Bar No. 159335)
Alvin Dunn (D.C. Bar No. 423229)
Thomas G. Allen (D.C. Bar No. 484425)
Cynthia Cook Robertson (D.C. Bar No. 995785)
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C.  20037
Phone: (202) 663-8000
Facsimile: (202) 663-8007
jack.mckay@pillsburylaw.com
alvin.dunn@pillsburylaw.com
thomas.allen@pillsburylaw.com
cynthia.robertson@pillsburylaw.com

Jonathan Velie (*admitted pro hac vice*)
VELIE LAW FIRM
401 W. Main St., Ste. 310
Norman, Oklahoma  73069
Phone: (405) 310-4333
Facsimile: (405) 310-4334
jon@velielaw.com

*Attorneys for the Freedmen Plaintiffs*

---

[2]  In this first-filed action, the U.S. Court of Appeals for the District of Columbia Circuit has already ruled that Chief Smith is not immune from suit under the *Ex parte Young* doctrine. *Vann v. Kempthorne*, 534 F.3d 741, 749-750 (D.C. Cir. 2008).